# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REHABCARE GROUP EAST, INC. d/b/a REHABCARE GROUP THERAPY SERVICES, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-1063-R |
| (1) PSG – TEMPLE, LLC d/b/a PSG – TEMPLE MANOR NURSING HOME; (2) PSG – TUTTLE, LLC d/b/a PSG – TUTTLE CARE CENTER, and (3) PSG – WILLOW PARK, LLC d/b/a PSG – WILLOW PARK HEALTH CARE CENTER, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment. Doc. No. 56. Defendants have not responded to the motion. Plaintiff has sued Defendants for not paying for therapy services it provided to Defendants pursuant to a Therapy Services Agreement. Plaintiff brings claims for breach of contract, promissory estoppel, unjust enrichment, and account stated, but moves for summary judgment only on its breach of contract claim.

## Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts and reasonable inferences therefrom are construed in the

light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the motion for summary judgment is uncontested, the moving party still "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party fails to meet this burden of production, summary judgment must be denied. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Id.* at 1195. Summary judgment is appropriate if, after accepting "as true all material facts asserted and properly supported in the summary judgment motion…. those facts entitle the moving party to judgment as a matter of law." *Id.*

## **Breach of Contract**

Plaintiff argues that it is entitled to judgment as a matter of law on its breach of contract claim. A federal court sitting in diversity applies the substantive law of the forum state, including its choice-of-law principles. *Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999). A choice-of-law provision in a contract is enforceable in Oklahoma. *See Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1033-34 (Okla. 2006) "[I]n Oklahoma, the established choice of law rule in contract actions known as *lex loci contractus* is that, *unless the contract*

*terms provide otherwise*, the nature, validity, and interpretation of a contract are governed by the law where the contract was made." (emphasis added) (footnotes omitted)). The choice-of-law chosen by the parties to each agreement is that of Missouri. Doc. No. 60, Ex. A, ¶ 12.3, Ex. B, ¶ 12.3, Ex. C, ¶ 12.3. There are four elements to a breach of contract action under Missouri law: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (en banc) (citation omitted).

### A. Existence and Terms of a Contract

There are three separate Therapy Services Agreements at issue, one for each Defendant, but the terms of the agreements are substantially similar. All Defendants admit that the agreements constitute enforceable contracts. Temple Request for Admission 1 (Doc. No. 56, Ex. 7, at 16, Ex. 2, at 23); Tuttle Request for Admission 1 (Doc. No. 56, Ex. 8, at 16, Ex. 3, at 23); Willow Park Request for Admission 1 (Doc. No. 56, Ex. 9, at 16, Ex. 4, at 23). Defendants also admit that the agreement requires them to reimburse Plaintiff for services it provided, including any Medicare reimbursements Defendants received "when invoices for services provided are not timely paid." Temple Requests for Admission 3, 11 (Doc. No. 56, Ex. 7, at 16, 18, Ex. 2, at 23-24); Tuttle Requests for Admission 3, 11 (Doc. No. 56, Ex. 8, at 16, 18, Ex. 3, at 23-24); Willow Park Requests for Admission 3, 11 (Doc. No. 56, Ex. 9, at 16, 18, Ex. 4, at 23-24. The agreements require Defendants to pay each invoice in full within forty-five days of

receiving the invoice. Doc. No. 60, Ex. A, ¶ 5.3, Ex. B, ¶ 5.3, Ex. C, ¶ 5.3. The above evidence establishes the existence and terms of the contract at issue.

### B. Plaintiff's Performance under the Contract and Breach by Defendants

Janice K. McBroom, Plaintiff's Director of Credit and Collections, attests that Plaintiff "provided therapy services to patients at the Defendants' facilities pursuant to the Agreements." Doc. No. 56, Ex. 1, ¶¶ 1, 4. Defendants did not pay Plaintiff for all of the services provided by the due date. Doc. No. 56, Ex. 6, at 2-3; Temple Requests for Admission 4, 5, 7 (Doc. No. 56, Ex. 7, at 17, Ex. 2, at 24); Tuttle Requests for Admission 4, 5, 7 (Doc. No. 56, Ex. 8, at 17, Ex. 3, at 23); Willow Park Requests for Admission 4, 5, 7 (Doc. No. 56, Ex. 9, at 17, Ex. 4, at 23). This evidence establishes Plaintiff's performance under the contracts, as well as each Defendant's breach.

### C. Damages

McBroom attests that Plaintiff has suffered $246,793.83 in principal damages from Defendant Temple, $81,219.61 in principal damages from Defendant Tuttle, and $1,021,943.69 in principal damages from Defendant Willow Park. Doc. No. 56, Ex. 1, ¶¶ 8-10. The agreements also provide for compound interest at a rate of 14% per annum. Doc. No. 60, Ex. A, ¶ 5.3, Ex. B, ¶ 5.3, Ex. C, ¶ 5.3. McBroom has calculated that through September 26, 2014, Defendant Temple owes $57,415.70 in prejudgment interest, Defendant Tuttle owes $15, 573.54 in prejudgment interest, and Defendant

Willow Park owes $226,987.12 in prejudgment interest. Doc. No. 56, Ex. 1, ¶ 11.[1] This evidence establishes that Plaintiff has suffered damages as a result of Defendants' breach.

## 1. Legal Fees and Costs

Plaintiff's attorney attests that Plaintiff has incurred legal fees in the amount of $76,981.50 and costs in the amount of $12,322.27. Doc. No. 56, Ex. 10, ¶ 6. Plaintiff asks the Court to assess these fees and costs jointly and severally against each Defendant. The right to these damages arises from the contract. *See* Doc. No. 60, Ex. A, ¶ 5.3, Ex. B, ¶ 5.3, Ex. C, ¶ 5.3 ("If RehabCare is required to collect any amounts past due through use of an attorney, then Facility shall be responsible for payment of all of RehabCare's legal fees and other costs of collection."). Although Defendants have the same members and their ultimate owner is the same,[2] they each have separate contracts with Plaintiff, and Plaintiff points to no language in the contracts indicating that the Defendants intended to bind themselves jointly and severally. *See Don L. Tullis & Assocs., Inc. v. Gover*, 577 S.W.2d 891, 900 (Mo. Ct. App. 1979) ("A joint contract is one by which two or more promisors are jointly bound to fulfill its obligations, and either of whom may be charged with the entire liability under the contract. [ ] Whether the promises are several or joint, or joint and several, depends on the construction of the language used, and the intention

---

[1] Plaintiff asserts that it is entitled to prejudgment interest in the amount of $95.10 per diem against Defendant Temple, $31.15 per diem against Defendant Tuttle, and $392.87 per diem against Defendant Willow Park. Doc. No. 56, at 7-8. Relying on the 14% per annum interest rate in the agreements, the Court's calculation leads to slightly different results. The Court finds that Plaintiff is entitled to prejudgment interest in the amount of $94.66 per diem against Defendant Temple, $31.15 per diem against Defendant Tuttle, and $391.98 per diem against Defendant Willow Park.

[2] Temple Requests for Admission 17, 18 (Doc. No. 56, Ex. 7, at 19, Ex. 2, at 25); Tuttle Requests for Admission 17, 18 (Doc. No. 56, Ex. 8, at 19, Ex. 3, at 25); Willow Park Requests for Admission 17, 18 (Doc. No. 56, Ex. 9, at 19, Ex. 4, at 23).

of the parties as manifested by the language must be followed by the court." (citing *Illinois Fuel Co. v. Mobile & O.R. Co.*, 8 S.W.2d 834, 840 (Mo. 1928))). Thus, the Defendants' obligations are not joint, and the Court will allocate fees and costs to each Defendant in equal shares.

## Conclusion

Plaintiff has satisfied its burden of production by providing evidence sufficient to demonstrate the absence of a genuine issue of material fact on its breach of contract claim. Accordingly, Plaintiff's Motion for Summary Judgment [Doc. No. 56] is GRANTED. In accordance with its Supplemental Memorandum in Support of Plaintiff's Motion for Summary Judgment [Doc. No. 63], Plaintiff's claims for promissory estoppel, unjust enrichment, and account stated are DISMISSED.

IT IS SO ORDERED this 6th day of November, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE